OVERTON, Justice.
 

 This case comes before us on a judgment, sustaining an exception of no cause of action. Plaintiff urges that his petition does disclose a cause of action and has appealed from the judgment.
 

 Plaintiff is a partnership. The.members, composing the partnership, are also parties plaintiff to the suit. The petition shows that the suit grows out of a lease and its transfer. It appears from the petition that plaintiff was the owner of a filling station, located in Rusten; that he leased this property to B. M. Feazel; that Feazel, with the written authorization and consent of plaintiff, transferred the lease to Chas. B. Carter; and Carter assigned the lease, for the unexpired term, to L. C. Slater. Slater, it appears from the petition, acquired the lease in his name, although, in truth and in fact, he was not purchasing for himself, but as agent for defendants, whose names did not appear in the assignment. However, that defendants were the real assignees, and not Slater, plaintiff knew at the time the assignment was being made. This appears from plaintiff’s petition where he alleges:
 

 “Petitioner shows that the said L. C. Slater was acting for and in behalf of the said Monroe Automobile Supply Company, and the individual members thereof, though this agency is undisclosed so far as'the records show; that nevertheless the said Monroe Automobile Supply Company, and the individual members thereof, were the real parties in interest, and did, in fact, through their agent, L. C. Slater, assume the position of the gaid Charles B. Carter, as lessee under said lease from T. Spencer Nelson and B. M. Feazel, agreeing to faithfully carry out all the agreements and stipulations of said lease, as well as the extension and renewal thereof.”
 

 The object of the petition is to recover from defendants the rent due plaintiff and 8 per cent, per annum interest thereon, with 10 per cent, attorney’s fees.
 

 From the foregoing it appears that the court has a suit before it involving the liability of an undisclosed principal. Although plaintiff granted the lease that was later assigned by Carter to Slater, nevertheless plaintiff was not a party to the assignment. The obligation to pay plaintiff the rent from month to month arose from the obligation flowing from the assignment, to which plaintiff was not a party.
 

 In questions involving the liability of the principal or the agent, in applying the doctrine of the undisclosed principal, as said in Stehn v. Fasnacht Bros., 20 La. Ann. 83, “the great inquiry must be, to whom was credit knowingly given according to the understanding of the parties, and this is to be determined by the circumstances of the transaction and the conduct of the parties.”
 

 In this case there is no way of determining whom plaintiff desired to credit, as he was not a party to the assignment, but the surrounding circumstances flowing from the
 
 *250
 
 face of the petition indicate that he expected to look to defendants, -whom he knew were to hold his property as tenants, with the contents that defendants necessarily would have to keep there in order to transact business. In Carlisle v. Steamer Eudora and Owners, 5 La. Ann. 15, it was said: “Although Ealer contracted in his own name, this is insufficient, per se, to restrict the liability to him. We understand the rule under our jurisprudence to be the same as is acted upon in courts of equity, which will seek out the principal, and enforce a contract against him ex cequo et bono, although he be not bound by the form of the contract.” So far as relates to the right to hold an undisclosed principal liable, we are of the opinion that plaintiff’s petition discloses a cause of action.
 

 However, defendants also urge that, even if the foregoing conclusion be true, nevertheless they are not bound, because plaintiff’s petition fails to disclose that Slater was acting within the scope and course of his employment in purchasing the lease for them. The petition, it is true, shows no express or specific authority in Slater to purchase the lease, but the petition shows that defendants paid the consideration for its purchase, and, moreover, since the purchase, plaintiff has received the rent that has been paid, from defendants. This allegation shows a ratification of the things that Slater did for defendants, and, in effect, takes the place of authority, if established on the trial.
 

 It is also urged that the petition discloses no cause of action, because it is based on an assignment which has been fully executed by the agent. AYe find no merit in this contention as relates to such a suit as the present.
 

 In closing, it may be observed that plaintiff may prove his case when remanded, either by parol or written evidence, for, as leases may be made either orally or in writing, the power to make them may be given either in writing or orally, and necessarily established in the same way. Civ. Code, art. 2683.
 

 The judgment is set aside, the exception of no cause of action is overruled,, and the case is remanded to be proceeded with according to law.
 

 O’NIELL, O. .1., and ODOM, .T„ dissent.